UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


WILLIAM D. PYLE,

     Plaintiff,

v.                                                    Case No. 3:21cv1903-LC-HTC

OFFICER RANDLE,
STATE OF FLORIDA,
FLORIDA DOC,

     Defendants.

_____/

<u>REPORT AND RECOMMENDATION FOR</u>
<u>ORDER TRANSFERRING CASE</u>

Plaintiff, William D. Pyle, initiated this action by filing a *pro se* handwritten filing which the clerk docketed as a *pro se* civil rights complaint, seeking to assert claims pursuant to 42 U.S.C. § 1983 (ECF Doc. 1) and a motion to proceed *in forma pauperis* (ECF Doc 2). After an initial review of the complaint, the undersigned recommends this case be transferred to the Middle District of Florida as venue is improper in the Northern District. As discussed below, the events at issue occurred in the Middle District of Florida and Plaintiff is currently housed in the Middle District.

Plaintiff William Pyle, FDOC #D17466, is a state prisoner at Suwannee Correctional Institution and claims that "staff members here" at "Suwannee CI" are "hindering, stopping, blocking legal due process" and participating in "tampering, cover ups" and "staff retaliation." ECF Doc. 1. Suwannee CI is in Like Oak, Florida, which is in the Middle District of Florida.

Under 28 U.S.C. § 1391(b), which applies to actions brought under 42 U.S.C. § 1983, a civil action may be brought in: (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Plaintiff has filed this action in the Northern District. However, the Northern District is not the proper district because none of the Defendants reside in the Northern District and none of the events or omissions giving rise to Plaintiff's claims occurred in the Northern District.

As stated above, Plaintiff's claims arise out of his incarceration at Suwannee Correctional Institution. Because none of the Defendants are alleged to reside in the

Northern District and none of the events occurred in the Northern District, the Northern District is not the proper venue.  Under 28 U.S.C. § 1406, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406.  Rather than dismiss this action, the Court finds this case should be transferred.

Finally, even assuming that venue is proper in the Northern District, this Court may still transfer the case to the Middle District for convenience of the parties.  28 U.S.C. § 1404 provides that, "for convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  The decision to transfer is left to the "sound discretion of the district court and is reviewable only for an abuse of that discretion."  *See e.g., Roofing & Sheeting Metal Serv. v. La Quinta Motor Inns,* 689 F.2d 982, 985 (11th Cir. 1982).

In *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1988), *superseded by statute on other grounds as explained in American Dredging Co. v. Miller*, 510 U.S. 443, 449, n. 2 (1994), the Supreme Court set forth certain factors that the courts should consider in determining whether a transfer under § 1404(a) is appropriate. Those factors include: (1) relative ease of access to sources of proof; (2) availability

of compulsory process for attendance of unwilling; and (3) the cost of obtaining attendance of willing, witnesses. *See id.* Those factors, as applied here, weigh in favor of a transfer.

As stated above, the Defendants are all located in the Middle District and the alleged activity all occurred in the Middle District. Additionally, Plaintiff is currently detained in the Middle District of Florida. Thus, the Middle District is not only the proper venue, but it is also a more convenient forum for the witnesses, Defendants, and the Plaintiff. *See Ivory v. Warden, Governor of Alabama*, 600 F. App'x 670, 676 (11th Cir. 2015) (transfer of the case from the Southern District to the Middle District of Alabama was not an abuse of discretion in light of the location of the defendants and the facility).

Accordingly, it is RESPECTFULLY RECOMMENDED:

1.     The clerk be directed to TRANSFER this case to the United States District Court for the Middle District of Florida.

2.     The clerk be directed to close this file in the Northern District.

At Pensacola, Florida, this 8th day of November, 2021.

*/s/ Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.